CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2011

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY N. COLEMAN, | ) | Civil Action No. 7:11cv00092 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALAN KATZ, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Jeffrey N. Coleman, a Virginia inmate proceeding pro se, filed this action seeking to appeal the Virginia Attorney General's decision regarding his Freedom of Information Act request. Coleman asks the court to review his Freedom of Information Act request and order the Virginia Attorney General to provide him copies of contracts between the Virginia Department of Corrections and various parties. The court finds that Coleman cannot obtain the relief he seeks from this court and, therefore, the court dismisses this action without prejudice.

To the extent Coleman seeks relief under the U.S. Freedom of Information Act (U.S. FOIA), the court finds that the U.S. FOIA does not apply to state agencies. U.S. FOIA is a federal law that establishes the public's right to obtain information from federal government agencies. See 5 U.S.C. § 552. Upon written request, agencies of the United States government are required to disclose those records, unless they can be lawfully withheld from disclosure under one of nine specific exemptions in the U.S. FOIA. This right of access is ultimately enforceable in federal court. However, because the U.S. FOIA does not apply to Virginia's Attorney General, this court will not consider Coleman's request.[1]

To the extent Coleman seeks relief under Virginia's Freedom of Information Act (VA FOIA), it is a matter of state law and the court has no jurisdiction over it. However, pursuant to

---

[1] Further, **Error! Main Document Only.**district courts do not have jurisdiction to grant mandamus relief against state officials. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).

Virginia Code § 2.2-3713, any person denied the rights and privileges conferred by VA FOIA may proceed to enforce such rights and privileges by filing a petition for mandamus or injunction, supported by an affidavit showing good cause, filed in the appropriate state court.[2]

Based on the foregoing, the court dismisses Coleman's complaint without prejudice.

The clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 28th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to § 2.2-3713, the appropriate state court is as follows:

1. In a case involving a local public body, to the general district court or circuit court of the county or city from which the public body has been elected or appointed to serve and in which such rights and privileges were so denied;

2. In a case involving a regional public body, to the general district or circuit court of the county or city where the principal business office of such body is located; and

3. In a case involving a board, bureau, commission, authority, district, institution, or agency of the state government, including a public institution of higher education, or a standing or other committee of the General Assembly, to the general district court or the circuit court of the residence of the aggrieved party or of the City of Richmond.